GEIGER & BARNES, JJ., concur.

---

**F. B. COMPANY v BEECHWOOD**
(Village)

Ohio Appeals, 8th Dist, Cuyahoga Co.

No. 17996. Decided Dec. 16, 1940.

Davies & Eshner, Cleveland, for plaintiff-appellee.

Locher, Green & Woods, Cleveland, for defendant-appellant.

### OPINION

By MORGAN, J.

The appellee, The F. B. Company, filed an action in the Court of Common Pleas of Cuyahoga County to enjoin the imposing of special assessments which had been levied by the Council of the Village of Beechwood on lands which had been registered under the provisions of the so-called Torrens Act.

The City Gardens Realty Company laid out the allotment and was the original owner of the lots. It filed a petition with the Village of Beechwood Council praying for the improvements of certain streets of the allotment. The Council enacted the necessary legislation but the Village Clerk failed to file with the County Recorder the notices and lists of lands assessed as was then required by §8572-56 GC.

The appellant contends that if the City Gardens Realty Company had continued as owner of the allotment it would have been estopped from taking advantage of the failure of the City Clerk to comply with §8572-56 GC by virtue of the decision in **Americh v Boyle, 136 Oh St 325.**

In the trial in the Common Pleas Court the defendant attempted on cross-examination of the President and Treasurer of The F. B. Company to bring out evidence tending to show that The F. B. Company was not a purchaser for value in good faith within the requirements of §8572-25 **GC,** but on the contrary that it was only a dummy corporation set up with ownership unchanged to defeat the collection of the said assessments. The trial court sustained objections to this line of questioning by the defendant and the decree of the court was for the plaintiff.

The defendant appealed on law and fact, it being a chancery case, and the case was tried and submitted to this Court as a law and fact case. It was tried in this Court on the evidence admitted by the Common Pleas Court. The defendant did not ask for the appointment of a Master Commissioner and did not attempt to introduce any further evidence.

We do not have presented to us, therefore, the question of the admissibility of the evidence referred to which was offered below and rejected.

We do not express any opinion as to the admissibility of such evidence had it been properly offered at the hearing in this court. As the record stands, §8572-25 **GC** does not defeat plaintiff's right to a decree.

This disposes of the only issue raised by the defendant in this case. The plaintiff is entitled to a decree.

TERRELL, PJ., LIEGHLEY, J., concur.